IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

|  |  |
|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>ESTATE OF MELINDA LINDSEY, STEVEN L. LINDSEY and JULIE KIRBY, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey,<br><br>　　　Defendants,<br>_____<br><br>ESTATE OF MELINDA LINDSEY and JULIE KIRBY, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey,<br><br>　Defendants/Counter-Plaintiffs,<br><br>　　vs.<br><br>METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>　Plaintiff/Counter-Defendant. | NO. 2:16-CV-00097 |

## OPINION AND ORDER

This matter is before the Court on: Defendants/Counter-Plaintiffs Estate of Melinda Lindsey and Julie Kirby in Her Capacity as Personal Representative of the Probate Estate of

-1-

Melinda Lindsey's Motion to Summary Judgment, filed on June 12, 2017 (DE #41); Plaintiff's Rule 56(d) Motion to Deny or Defer Defendants' Motion for Summary Judgment, filed by MetLife Investors USA Insurance Company on June 16, 2017 (DE #44); and Defendants/Counter-Plaintiffs Estate of Melinda Lindsey and Julie Kirby in Her Capacity as Personal Representative of the Probate Estate of Melinda Lindsey's Request for Oral Argument on Motion for Summary Judgment, filed on July 24, 2017 (DE #58). For the reasons set forth below, Defendants/Counter-Plaintiffs' motion for summary judgment (DE #41) is **DENIED.** Plaintiff's motion to deny or defer Defendants' motion for summary judgment (DE #44) is **DENIED.** Defendants/Counter-Plaintiffs' request for oral argument (DE #58) is **DENIED.**

BACKGROUND

Plaintiff MetLife Investors USA Insurance Company ("MetLife") seeks rescission of a term life insurance policy ("Policy") issued to decedent Melinda Lindsey ("Lindsey") based on allegedly material misrepresentations and/or omissions she made in the Policy application. Defendants/Counter-Plaintiffs Estate of Lindsay and Julie Kirby in her capacity as personal representative of the probate estate of Lindsey (together, "Estate") move for summary judgment on the grounds that MetLife failed to properly rescind the Policy by retaining the insurance premiums when it initiated the suit, and by not depositing the premiums with the

-2-

Court. MetLife filed a motion to deny or defer the Estate's motion for summary judgment based on Federal Rule of Civil Procedure 56(d). These motions are fully briefed and are ripe for adjudication. The Estate also filed a request for oral argument on its motion for summary judgment.

DISCUSSION

Request for Oral Argument

At the outset, the Court will address the Estate's request for oral argument on its motion for summary judgment. (DE #58.) Pursuant to Local Rule 7-5, the Court may "grant or deny a request for oral argument or an evidentiary hearing in its discretion." N.D. Ind. L.R. 7-5(c)(1). Here, the parties' memoranda have sufficiently apprised the Court of the issues at hand, and the Court does not believe that oral argument is necessary. Therefore, the Court **DENIES** the Estate's request for oral argument (DE #58), and turns to the merits of the motions.

Undisputed Facts

On January 2, 2014, Lindsey completed and signed an application for a term life insurance policy with an accidental death benefit rider by MetLife ("Policy"). As part of her application, Lindsey responded to a series of questions regarding

her medical history and her spouse's life insurance coverage. MetLife issued the Policy to Lindsey on March 26, 2014.[1]

On January 16, 2015, Lindsey was shot and killed. Her death occurred during the contestable period of the Policy. Lindsey's spouse, Steven Lindsey, made a claim for the Policy benefits as the named beneficiary. Steven Lindsey was eventually convicted of Lindsey's death and is currently incarcerated. The Estate made a claim for the Policy benefits on the basis that it obtained a wrongful death judgment against Steven Lindsey for the Lindsey's death. As part of its review of the claims for the Policy benefits, MetLife found what it believes to be material misrepresentations and omissions in Lindsey's application.

In a letter dated June 25, 2015, MetLife denied Steven Lindsey's claim for death benefits, and notified him that MetLife was exercising its right to void the Policy, and that all premiums paid as of that date, with interest, would be forwarded to him under separate cover. MetLife sent a similar letter to the Estate, indicating that the premium refund was being sent to Steven Lindsey. The Estate responded on June 29, 2015, requesting that premium refunds be forwarded to the Estate, rather than Steven, who at that time was awaiting trial for Lindsey's murder. On July

---

[1] The Court notes that while the parties identify disputes of fact relating to issuance of the Policy, these disputes are not material for the purpose of the Estate's motion for summary judgment.

6, 2015, MetLife sent a check to Steven Lindsey in the amount of $907.05, representing a premium refund plus interest. On July 20, 2015, MetLife sent a check to the Estate for the same amount. On January 19, 2016, the Estate returned the premium refund check to MetLife, and notified MetLife that it intended to contest the denial of the Policy. MetLife acknowledged the Estate's return of the check in correspondence dated January 25, 2016. On February 24, 2016, MetLife stopped payment on the checks that it had sent to Steven Lindsey and the Estate.

On March 16, 2016, MetLife filed the instant lawsuit seeking rescission of the Policy. The First Amended Complaint for Rescission ("Complaint") alleges that Lindsey made material misrepresentations and/or omissions in her application for the Policy, that MetLife relied to its detriment on her representations, and that MetLife would not have issued the Policy if Lindsey had accurately and fully disclosed all necessary information and made correct and complete representations in the application. (DE #14.) The Complaint alleges that the misrepresentations were fraudulent and/or material, entitling it to rescind the Policy. The Complaint also alleges that "[o]n June 25, 2015, MetLife provided timely written notice to the Defendants that the Policy is considered void and MetLife refunded all premiums paid as of that date, with interest." (*Id.*, ¶24.)

The Estate answered the Complaint and filed counterclaims against MetLife. On June 30, 2016, MetLife filed its answer to the Estate's counterclaims, asserting as a defense that "MetLife properly and timely determined the Policy initially issued to the Decedent was void and/or voidable and should be rescinded based on misrepresentations and/or omissions in the Decedent's insurance application." (DE #21, at 13.) In September 2016, Magistrate Judge Martin held the Rule 16 preliminary pretrial conference, and set discovery and mediation deadlines. In May 2017, Magistrate Judge Martin granted the parties' motion to extend discovery deadlines; the close of fact discovery was set for August 15, 2017, and the close of all discovery was set for February 15, 2018. No deadline was set for the filing of dispositive motions.

On June 12, 2017, the Estate filed the instant motion for summary judgment. (DE #41.) At that time, the parties were still engaged in discovery, and the Estate had yet to take the depositions of certain MetLife employees. On June 16, 2017, MetLife filed the instant motion to deny or defer the Estate's motion for summary judgment (DE #44), as well as a motion for leave to deposit funds with the Clerk (DE #43). On July 27, 2016, Magistrate Judge Martin granted MetLife's motion for leave to deposit funds with the Clerk, noting that "[a]ccepting deposit of the funds is therefore appropriate but in no way addresses the timeliness and effectiveness of MetLife's attempted rescission."

(DE #60 at 2.) On September 1, 2017, Magistrate Judge Martin ordered that all discovery-related deadlines in this matter be stayed pending the Court's decision on the instant dispositive motions. (DE #65.)

Rule 56(d) Motion

In general, a party may file a motion for summary judgment at any time after the case is initiated until thirty days after the close of discovery. Fed. R. Civ. P. 56(b). Thus, a party can move for summary judgment before discovery is completed. *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 729 (7th Cir. 1986). Here, the Estate filed a motion for summary judgment before the close of discovery on the issue of whether MetLife failed to properly rescind the Policy by failing to tender the premiums to the Court in a timely manner.

MetLife argues that the Court should deny or defer the Estate's motion for summary judgment under 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [of a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To succeed, the party seeking the protection of Rule 56(d) must "state the reasons why

the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014) (quoting *Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706 (7th Cir. 2006)). The party's affidavit must demonstrate "how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *First Specialty Ins. Corp. v. Supreme Corp.,* No. 3:12-CV-186-JTM-MGG, 2017 WL 2591384, at *2 (N.D. Ind. June 14, 2017) (quoting *Korf v. Ball State Univ.,* 726 F.2d 1222, 1230 (7th Cir. 1984)). "A party . . . may not use [Rule 56(d)] to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact." *Id*. (quoting *Grundstad v. Ritt,* 166 F.3d 867, 873 (7th Cir. 1999)).

Here, MetLife submits the affidavit of Tina Bengs ("Bengs Affidavit") in support of its Rule 56(d) motion. (DE #45-1.) The Bengs Affidavit details the history of the discovery in this matter and communications between the parties related thereto, including the parties' delays in producing discovery responses. MetLife does not argue, and the Bengs Affidavit does not identify, any need for discovery pertaining to the limited issue addressed in the Estate's motion for summary judgment, that is, whether MetLife waived its rescission claim by not tendering the premiums to the

-8-

Court in a timely manner. Rather, the facts regarding MetLife's initial tender of the premiums to the Estate, the Estate's return of the premiums, MetLife's initiation of the lawsuit for rescission and subsequent assertion of affirmative defenses, and MetLife's tender of the premiums to the Court, are undisputed. MetLife does not explain what "facts essential to justify its opposition" to the Estate's motion for summary judgment that it might be able to extract from outstanding or additional discovery. Accordingly, MetLife's Rule 56(d) motion is denied.

Motion for Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine dispute of material fact exists, the Court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences

in that party's favor.  *See Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

A party opposing a properly supported summary judgment motion may not rely on allegations in her own pleading but rather must "marshal and present the court with the evidence she contends will prove her case."  *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).  "[I]nferences relying on mere speculation or conjecture will not suffice."  *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citation omitted).  If the nonmoving party fails to establish the existence of an essential element on which he bears the burden of proof at trial, summary judgment is proper.  *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

The Estate argues that MetLife waived its rescission claim because it failed to tender the premiums to the Court in a timely manner.  Under Indiana law, when an insurer seeks to rescind a policy based on a material misrepresentation in an application, generally the insurer "must first make a tender of the full amount of premiums paid under the policy.  This is to restore the parties to the position they were in prior to the contract by returning the consideration the insurance company has received."  *Am. Standard Ins. Co. v. Durham*, 403 N.E.2d 879, 881 (Ind. Ct. App. 1980) (citations omitted).  "[A]n insurer must tender back any consideration paid to the beneficiary named in the policy," and

-10-

if, as here, "the beneficiary refused to accept the consideration, the money must be brought into court for use of the beneficiary or the fraud will be waived." *Gary Nat. Bank v. Crown Life Ins. Co.*, 392 N.E.2d 1180, 1181 (Ind. Ct. App. 1979) (citation omitted). The Indiana Supreme Court reaffirmed this rule in 2013, stating that "an insurer must first offer to return the premiums it has collected from the insured within a reasonable time after the discovery of the alleged breach. . . . Failure to offer such return of premiums, or if refused, to pay it into court, constitutes a waiver of the alleged fraud." *Dodd v. Am. Family Mut. Ins. Co.*, 983 N.E.2d 568, 570 (Ind. 2013). When the facts are undisputed, "[w]hat constitutes a reasonable time period in which to tender such premiums becomes a question of law." *Gary Nat. Bank*, 392 N.E.2d at 1182 (citation omitted). Here, the parties do not dispute that MetLife's initial tender of the premiums to the Estate was timely. However, the Estate returned the un-negotiated check to MetLife before MetLife initiated this lawsuit for rescission of the Policy, and did not tender the premiums to the Court until after the Estate filed the instant motion for summary judgment. Thus, the issue is whether MetLife's second tender of the premiums was timely.

Both parties rely on *Gary National Bank v. Crown Life Insurance Company* in support of their respective positions. In that case, a beneficiary sued Crown Life Insurance Company

("Crown") after Crown denied a claim for death benefits based on the decedent's fraud in procuring the policy. 392 N.E.2d at 1181. Crown had tendered the premiums to the beneficiary when it denied the claim. After Crown answered the complaint and asserted the affirmative defense of misrepresentation, the beneficiary returned the un-negotiated check for the premiums to Crown. The beneficiary eventually filed a motion for summary judgment, arguing that Crown could not raise the affirmative defense of misrepresentation because Crown had failed to tender the premiums to the court. Crown then tendered the premiums to the court, raising the issue as to whether Crown's second tender was timely. The lower court denied the beneficiary's motion. On appeal, the Indiana Court of Appeals found that Crown's initial tender of the premiums and accompanying letter to the beneficiary were adequate to inform the beneficiary that it elected to void the policy, and that "Crown was in total compliance with the law for so long as the beneficiary retained the tender of the premiums." *Id*. Crown's "duty to tender the premiums into court" did not arise until after the un-negotiated check was returned, which occurred after the beneficiary had initiated the suit and Crown had pled its affirmative defense. *Id*. Holding that Crown's second tender of the premiums to the court was timely, the court explained:

> One purpose of tendering premiums into court is to facilitate at the trial on the merits, a judicial determination of which party is entitled to the sums.

> Because rescission is an equitable remedy, equity demands that the party obtaining such relief restore the status quo by returning any consideration paid. *See: Prudential Insurance Co. v. Smith*, [108 N.E.2d 61 (Ind. 1952)]. At the time Crown paid the premiums into court, both parties had disclaimed any rights thereto. While Crown could have been more diligent in making the second tender, the funds were placed into court custody prior to any pretrial or trial on the merits. The evidence shows that tender was made prerequisite to asserting the defense of fraud and that Crown was unequivocal in its election to rescind the insurance policy. Further, it must be noted that appellant was less than diligent in refusing acceptance of the initial check and returning it to Crown.

*Id*. at 1182.

According to MetLife, *Gary National* establishes that its tender of the premiums to the Court was timely. As in *Gary National*, the evidence shows that MetLife elected to rescind the Policy and tendered the premiums to the Estate. The Estate kept the check for the premiums for several months before returning it to MetLife. As in *Gary National*, MetLife tendered the premiums to the court after the Estate filed a motion for summary judgment on this issue, but prior to any pretrial or trial on the merits. At the time MetLife paid the premiums into court, both parties had disclaimed any rights thereto.

The Estate maintains that *Gary National* does not support the position that MetLife's tender was timely. The Estate acknowledges that "there was no delay in selecting [MetLife's] remedy" of rescission; rather, the Estate claims that MetLife delayed "in being unequivocal in properly presenting that request." (DE #57

at 11.) It argues that "[t]he law governing rescission required MetLife to deposit with this Court the returned premiums prior to and no later than the time it initiated the suit on March 16, 2016." (*Id.* at 8 (citing *Smith*, 108 N.E.2d at 65).) But the case law cited by the Estate does not address the issue of whether a "second tender," *i.e.,* tendering the premiums to the court following refusal thereof by a beneficiary, is timely. In *Smith*, the insurer "never paid the premiums into court prior to trial. There it was decided that payment into court after entry of judgment was too late." *Gary Nat. Bank*, 392 N.E.2d at 1182 (distinguishing *Smith*). Aside from *Gary National*, the Estate does not identify any other Indiana case that addresses whether a second tender was timely. *See id.* (distinguishing Indiana cases because they did not address the timeliness of a "second tender" to the court).

Indiana law requires that an insurer first offer to return the premiums it has collected from the insured within a reasonable time after the discovery of the alleged breach, and that if refused, they must pay it into court, or waive the alleged fraud. *See Dodd*, 983 N.E.2d at 570. The parties do not dispute that MetLife tendered the premiums to the Estate within a reasonable time after learning of the alleged misrepresentations. The Estate returned those premiums after holding them for several months. MetLife initiated this lawsuit seeking rescission. While MetLife

delayed in making its second tender by submitting the premiums to the Court, it did so before a pretrial or trial on the merits. Applying *Gary National,* the Court finds that MetLife's second tender of the premiums to the Court was timely.

CONCLUSION

For the reasons set forth above, Defendants/Counter-Plaintiffs' motion for summary judgment (DE #41) is **DENIED.** Plaintiff's motion to deny or defer Defendants' motion for summary judgment (DE #44) is **DENIED.** Defendants/Counter-Plaintiffs' request for oral argument (DE #58) is **DENIED.**

**DATED: December 4, 2017**          **/s/ RUDY LOZANO, Judge**
**United States District Court**