IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

|  |  |
|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>ESTATE OF MELINDA LINDSEY, STEVEN L. LINDSEY and JULIE KIRBY, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey,<br><br>    Defendants,<br>_____<br><br>ESTATE OF MELINDA LINDSEY and JULIE KIRBY, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey,<br><br>  Defendants/Counter-Plaintiffs,<br><br>  vs.<br><br>METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>  Plaintiff/Counter-Defendant. | NO. 2:16-CV-00097 |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on: Defendants/Counter-Plaintiffs' Motion to Certify Issue for Interlocutory Appeal, filed on December 22, 2017 (DE #71). For the reasons set forth

-1-

below, Defendants/Counter-Plaintiffs' motion to certify issue for interlocutory appeal is **DENIED**.

BACKGROUND

Plaintiff MetLife Investors USA Insurance Company ("MetLife") issued a term life insurance policy ("Policy") to Melinda Lindsey ("Lindsey") in 2014. After Lindsey's death in 2015, MetLife found what it believes to be material misrepresentations and omissions in Lindsey's application for the Policy. MetLife denied the claims made for death benefits, and refunded the Policy premiums to Defendants/Counter-Plaintiffs Estate of Lindsay and Julie Kirby, in her capacity as personal representative of the probate estate of Lindsey (together, "Estate"), in July 2015. In January 2016, the Estate returned the premium refund check to MetLife, and notified MetLife that it intended to contest the denial of the Policy. In March 2016, MetLife filed the instant lawsuit seeking rescission of the Policy.

On June 12, 2017, the Estate moved for summary judgment on the grounds that MetLife failed to properly rescind the Policy by retaining the insurance premiums when it initiated the suit, and by not depositing the premiums with the Court. (DE #41.) MetLife opposed the motion and deposited the premiums with the Court. The Court denied the Estate's motion for summary judgment on December 4, 2017. (DE #69.)

The Estate filed the instant motion for leave to certify issue for interlocutory appeal on December 22, 2017. (DE #71.) It claims that the denial of its motion for summary judgment is appropriate for interlocutory review because the Court incorrectly relied on *Gary National Bank v. Crown Life Insurance Company*, 392 N.E.2d 1180 (Ind. Ct. App. 1979), to find that MetLife's second tender of premiums was timely. The motion has been fully briefed and is ripe for review.

DISCUSSION

The instant motion seek permission to appeal prior to entry of a final judgment, otherwise known as an interlocutory appeal. Interlocutory appeals are governed by Title 28 U.S.C. section 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The Seventh Circuit's criteria for interlocutory appeals is: (1) there must be a question of *law*, (2) it must be *controlling*, (3) it must be *contestable*, (4) its resolution must promise to *speed up* the litigation, and (5) the petition to appeal must be filed in the district court within a *reasonable time* after the order sought to be appealed. *Ahrenholz*

*v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Id.* at 676.

Due to its dispositive nature, the Court first considers whether there is a "contestable" question of law. In determining contestability, the court must examine "the strength of the arguments in opposition to the challenged ruling," which includes "examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Lit.*, 212 F. Supp. 2d 903, 909-10 (S.D. Ind. 2002)(citations omitted); *see Carlson v. Brandt*, No. 97 C 2165, 1997 WL 534500, at *6 (N.D. Ill. 1997) ("[I]t is beyond dispute that interlocutory appeal is unjustified, inefficient, and unnecessary when the movant has not set forth substantial conflicting decisions regarding the claimed controlling issue of law"). The Estate argues that the Court incorrectly applied *Gary National* to find that MetLife's second tender of the premiums was timely. In *Gary National*, the Indiana Court of Appeals found that the insurer's second tender of premiums was timely where it was made prior to any pretrial or trial on the merits. 392 N.E.2d at 1182. The Estate attempted to distinguish *Gary National* based the difference in the timing of the Estate's return of the first tender of premiums, and relied upon case law

addressing the timeliness of an insurer's tender of premiums in the first instance. In its order denying summary judgment, the Court noted that *Gary National* was the only case cited by the Estate that addressed the timeliness of an insurer's *second* tender of premiums, and that *Gary National* distinguished case law cited by the Estate. (DE #69 at 14.) *See Gary Nat. Bank,* 392 N.E.2d at 1182 (distinguishing *Prudential Insurance Co. v. Smith*, 108 N.E.2d 61 (Ind. 1952), and other Indiana cases because they did not address the timeliness of a "second tender" to the court). The Estate has not directed the Court to any other court which has expressed a difference of opinion on the timeliness of an insurer's second tender of premiums. Thus, the Estate has failed to prove that there is a substantial conflict on this issue. *See Webster v. Ctr. for Diagnostic Imaging, Inc.,* No. 116CV02677JMSDML, 2017 WL 5598286, at *3 (S.D. Ind. Nov. 21, 2017) (finding no contestable issue for the purposes of interlocutory appeal where defendants failed to present any conflicting precedent).

The Estate has also failed to meet its burden of showing that exceptional circumstances justify departure from the Seventh Circuit's general policy of postponing appellate review until after the entry of final judgment. *See Ahrenholz*, 219 F.3d at 676. Accordingly, this Court exercises its discretion to deny the request for interlocutory appeal. *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on

district courts first line discretion to allow interlocutory appeals."); *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009) ("Even where [the criteria for an interlocutory appeal] are met, the Court retains discretion to deny permission for interlocutory appeal.").

CONCLUSION

For the reasons set forth above, Defendants/Counter-Plaintiffs' motion to certify issue for interlocutory appeal (DE #71) is **DENIED.**

DATED: February 15, 2018            /s/ RUDY LOZANO, Judge
                                    **United States District Court**