**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| STEVEN L. LINDSEY, *et al.*,<br>    Defendants, | )<br>)<br>) |
| | )   CAUSE NO. 2:16-CV-97 |
| JULIE KIRBY,<br>    Counterclaim Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| METLIFE INVESTORS USA INSURANCE COMPANY, *et al.*,<br>    Counterclaim Defendants. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion of the Defendants/Counter-Plaintiffs, Estate of Melinda Lindsey and Julie Kirby, in her Capacity as Personal Representative of the Probate Estate of Melinda Lindsey, for Order to Compel Discovery by Plaintiff/Counter-Defendant, MetLife Investors USA Insurance Company [DE 84], filed on March 16, 2018. Defendants seek to compel Plaintiff to produce certain electronically stored information. On March 30, 2018, Plaintiff filed a response, and on April 6, 2018, Defendants filed a reply.

**I.    Background**

MetLife filed this lawsuit against Steven Lindsey and the Estate of Melinda Lindsey, seeking rescission of a life insurance policy MetLife issued to Melinda Lindsey based on her alleged misrepresentations during the application process. Throughout written discovery, MetLife has generally produced documents in non-searchable PDF format, which it maintains is the "most usable

format" appropriate for the information. Defendants have repeatedly objected, arguing that MetLife is obligated to produce the documents as they are maintained in the normal course of business, *i.e.*, in their "native" format. Defendants have identified several electronic platforms in which MetLife keeps its documents in the usual course of business. MetLife characterizes the additional data that Defendants would receive from production in native format as irrelevant, and denies that it is obliged to produce it. Although the parties have repeatedly conferred, and MetLife has produced some additional documents in response to the objections and the instant Motion, the dispute persists. Defendants' Motion requests that MetLife produce all responsive documents in the form in which they are maintained in the usual course of business.

## II. Analysis

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Federal Rule of Civil Procedure 34 provides that with regard to electronically stored information, a party must "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. . . . If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P.

34(b)(2)(E). However, the Court can "limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C).

MetLife now represents that it has produced images of all relevant documents from its various electronic platforms, and that "those records that could be obtained in a searchable format have been produced in that format." However, MetLife concedes that the method in which it produced the documents is not how they are kept "in the usual course of business," as required by Rule 34(b)(2)(E)(i). Although MetLife repeatedly states that PDF is the "most usable" format, it cites no authority showing that this satisfies its obligations under Rule 34. Moreover, MetLife's production was not consistent with what the parties discussed at the beginning of discovery. On July 28, 2016, the parties filed their Report of Parties' Planning Meeting, which stated: "The parties anticipate making a preliminary production of ESI by hard copy[1] . . . *All ESI produced electronically will be produced in native format to the extent possible*." (emphasis added). After MetLife made its initial production in response to Defendants' first requests for production, Defendants objected to the format of the documents, but MetLife apparently ignored the objections and continued to produce in PDF format. *See* Ex. I to Defs.' Mot. to Compel [DE 84-9].

Although MetLife claims that Defendants' request is disproportionate, MetLife offers no argument on that point beyond objecting to the relevance and stating that the production would be duplicative. MetLife does not discuss the volume of the additional information sought, the expense involved, or the risk of revealing any confidential or privileged information; nor has it moved for a protective order. A request to produce documents is not disproportionate or unreasonable simply

---

[1] It is not clear whether the productions of PDF images of electronic data constitute the "hard copy" production referenced by the parties.

because some of the material sought has already been produced, particularly when the initial production did not conform to the rules. *See Jannx Med. Sys., Inc. v. Methodist Hosps., Inc.*, No. 2:08-CV-286-PRC, 2010 WL 4789275, at *3-4 (N.D. Ind. Nov. 17, 2010) (ordering party to reproduce in native form documents previously produced in PDF form because "the option to produce in a reasonably usable form does not mean that a responding party is free to convert [ESI] . . . to a different form that makes it more difficult . . . to use efficiently in the litigation").

MetLife says that production in native format would not yield relevant information, because in its view the "only remaining issue" in the case is whether it had a duty to investigate the information in the policy application prior to issuing it. However, MetLife has not shown that the requests fall outside of the legitimate scope of discovery. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). In their response to MetLife's pending motion for summary judgment, Defendants cited to an Indiana Supreme Court case finding a duty to investigate where "a reasonable person would have investigated further and the investigation would have uncovered the truth." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 674 (Ind. 1997). If the Court were to apply this standard, information about who accessed the application information – which might be visible in native form – could be relevant to whether that person should have investigated further.

Finally, although Defendants are entitled to the previously produced documents in native form, the Court clarifies that they are not entitled to all metadata. Some of Defendants' filings could be interpreted to argue that Defendants are entitled to all metadata related to the documents

previously produced. In general, metadata must be specifically requested in advance, and Defendants did not do that. *See, e.g., Palar v. Blackhawk Bancorporation Inc.*, No. 11-4039, 2013 WL 1704302, at *2 (C.D. Ill. Mar. 19, 2013) ("Most courts dealing with questions of production of metadata have held that metadata need not be produced unless specifically requested."); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 559 (N.D. Ill. 2008) (finding that "it seems a little late" to request metadata after documents have been produced). While production in native format will inevitably result in the exchange of some metadata, Defendants are not entitled to all metadata generally, except to the extent it appears with the documents as kept in the usual course of business. *Palar*, 2013 WL 1704302, at *2 (denying motion to compel production of metadata where movant only requested production in "native" form because "production of an electronic document in 'native format' does not result in production of 'metadata'").

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion of the Defendants/Counter-Plaintiffs, Estate of Melinda Lindsey and Julie Kirby, in her Capacity as Personal Representative of the Probate Estate of Melinda Lindsey, for Order to Compel Discovery by Plaintiff/Counter-Defendant, MetLife Investors USA Insurance Company [DE 84]. As Rule 37(a)(5)(A) provides, because

> the motion is granted – or . . . the disclosure or requested discovery [wa]s provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Defendants to **FILE**, on or before

5

**November 8, 2018**, an itemization of costs and fees, including attorney's fees, incurred in making the Motion to Compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Plaintiff to **FILE** a response by **November 29, 2018**, and Plaintiff to file a reply, if any, by **December 6, 2018**.

    So ORDERED this 25th day of October, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record