# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>STEVEN L. LINDSEY, ESTATE OF MELINDA LINDSEY, and JULIE KIRBY, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey,<br><br>        Defendants. | CAUSE NO.: 2:16-CV-97-TLS |
| ESTATE OF MELINDA LINDSEY and JULIE KIRBY, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey,<br><br>        Counter-Plaintiffs,<br><br>        v.<br><br>METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>        Counter-Defendant. | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff/Counter-Defendant, MetLife Investors USA Insurance Company's Complaint and First Amended Complaint for Rescission [ECF No. 127], filed by Defendants/Counter-Plaintiffs Estate of Melinda Lindsey and Julie Kirby, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey (collectively, the "Estate"). Plaintiff/Counter-Defendant MetLife Investors USA Insurance

Company ("MetLife") filed a response [ECF No. 132], and the Estate filed a reply [ECF No. 133]. Because MetLife did not perfect service of process on Defendant Steven Lindsey, the Court dismisses the claim against Steven Lindsey pursuant to Federal Rule of Civil Procedure 4(m), and MetLife's claim remains pending against the Estate.

## PROCEDURAL AND FACTUAL BACKGROUND

On January 2, 2014, Melinda Lindsey completed and signed an application for the issuance of a term life insurance policy with an accidental death benefit rider by MetLife ("Application"). Am. Compl. ¶ 7, ECF No. 14. On March 26, 2014, MetLife issued a policy to Melinda with a $1,000,000 death benefit and a $100,000 rider benefit ("Policy"). *Id.* at ¶¶ 7, 11–13. The Policy had a contestability period of two years from the date the Policy was issued. *Id.* at ¶¶ 11, 12. On January 16, 2015, Melinda was shot and killed. *Id.* at ¶ 14. Steven Lindsey, Melinda's surviving spouse, filed a claim for death benefits under the Policy as the named beneficiary. *Id.* at ¶ 15. On February 12, 2015, Steven Lindsey was arrested and charged with Melinda's murder. Estate SJ Ex. E, ECF No. 42-2.

On April 16, 2015, Melinda's probate estate was opened in the Porter County, Indiana, Superior Court, and Julie Kirby was appointed the personal representative of the probate estate. Estate SJ Ex. F, ECF No. 42-2. On May 12, 2015, a wrongful death estate was opened on Melinda's behalf in the Porter Superior Court, and Julie Kirby was appointed the personal representative of the wrongful death estate as well. Estate SJ Ex. G, ECF No. 42-2. On June 10, 2015, the Estate filed suit against Steven Lindsey in the Porter Superior Court, alleging that he was responsible for the wrongful death of Melinda. Estate SJ Ex. H, ECF No. 42-2.

Following Melinda's death, Metlife conducted an investigation within the Policy's two-year contestability period. MetLife SJ Ex. 1 at ¶ 13, ECF No. 88-1. MetLife determined that

Melinda made two material misrepresentations on the Application and that it would not have issued the Policy if she had not made those material misrepresentations. *Id.* at ¶¶ 14–19.[1] As a result, MetLife determined that the Policy was void and informed Steven Lindsey and the Estate of the decision in letters dated June 25, 2015. *See id.* at ¶ 19; Estate SJ Exs. I, J, ECF No. 42-2.

On December 21, 2015, the Estate obtained a judgment for over $2,000,000 against Steven Lindsey in the wrongful death action. Estate SJ Ex. O, ECF No. 42-2. On January 25, 2016, the Estate filed a motion for proceedings supplemental against MetLife in that case, seeking the life insurance benefits under the Policy to satisfy the judgment. MetLife Resp. Ex. B at 6, 10, ECF No. 132-3.

On March 11, 2016, Steven Lindsey was convicted of Melinda's murder following a jury trial. Estate SJ Ex. E at 8. On March 16, 2016, MetLife filed its Complaint for Rescission in this case, requesting entry of a judgment that the Policy is rescinded and that coverage under the Policy is void. *See* Compl. 7, ECF No. 4. On March 18, 2016, a summons was issued to "Steven Lindsey c/o Porter County Jail." *See* ECF No. 5. On March 23, 2016, a proof of service on that summons was filed, signed by counsel for MetLife. *See* ECF No. 6. The proof of service includes a U.S. Postal Service Certified Mail Receipt showing a mailing date of March 18, 2016, and a return card stamped signed "Porter County Sheriff's Police." *Id.*

On March 23, 2016, the Estate filed a petition in Melinda's probate estate to establish a constructive trust pursuant to Indiana Code § 29-1-2-12.1. MetLife Resp. Ex. C at 2–5, ECF No. 132-4. The same date, the state court granted the petition, establishing a constructive trust, appointing Steven Lindsey as constructive trustee, and ordering that any Policy proceeds be placed in the constructive trust to be distributed "by the Estate" consistent with Indiana Code

---

[1] Whether MetLife has established that Melinda made material misrepresentations on the Application is a contested issue on MetLife's pending motion for summary judgment. *See* ECF Nos. 87, 89, 97, 98.

§ 29-1-2-12.1. *Id.* at 46–48. On May 5, 2016, the state court stayed the wrongful death action pending resolution of this federal litigation. MetLife Resp. Exs. D, E, ECF Nos. 132-5, 132-6.

On June 8, 2016, MetLife filed a First Amended Complaint for Rescission [ECF No. 14], adding as a defendant Julie Kirby, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey. The Estate filed an Answer and Counterclaims [ECF No. 16], and MetLife filed an Answer [ECF No. 21] to the Counterclaims.

On March 19, 2018, MetLife filed a Motion for Summary Judgment [ECF No. 87], which is fully briefed. On March 12, 2021, the Court held a telephonic status conference at which the Court raised the issue of service of process on Defendant Steven Lindsey. On April 14, 2021, the Estate filed the instant Motion to Dismiss [ECF No. 127].

## LEGAL STANDARD

"[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). To accomplish service of process, a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," Fed. R. Civ. P. 4(c)(1), which is 90 days from the date the complaint is filed, Fed. R. Civ. P. 4(m). When the service of process requirement is not satisfied, the court has no personal jurisdiction over a defendant, even if the defendant has actual knowledge of the lawsuit. *Mid-Continent Wood Prods.*, 936 F.2d at 301 (citations omitted). The burden is on the plaintiff to show that the "district court has jurisdiction over each defendant through effective service." *Cardenas*, 646 F.3d at 1005 (citing *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005)). "If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that

burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.* (citing Fed. R. Civ. P. 4(m)).

## ANALYSIS

The Estate seeks dismissal of MetLife's Complaint for Rescission based on insufficient service of process on Steven Lindsey. The Estate contends that the dismissal of Steven Lindsey, who is the named beneficiary and a claimant of the life insurance policy benefits, requires dismissal of MetLife's action for rescission in its entirety, which would leave pending only the Estate's Counterclaims against MetLife. MetLife responds that service of process on Steven Lindsey was sufficient, or at least substantially sufficient, under Indiana law, and that, if the Court finds insufficient service of process, the case should be dismissed only as to Steven Lindsey. For the reasons set forth below, the Court finds that MetLife did not perfect service of process on Steven Lindsey, depriving the Court of personal jurisdiction over him and resulting in his dismissal from the suit under Rule 4(m). And, MetLife's claim for rescission proceeds against the Estate because Steven Lindsey, a constructive trustee with no personal legal interest in the Policy proceeds, is not a necessary party.

**A.      Sufficiency of Service of Process on Steven Lindsey**

It is undisputed that Steven Lindsey was incarcerated in the Porter County Jail and that MetLife sent him the summons and complaint by certified mail, addressed to "Steven Lindsey c/o Porter County Jail." ECF No. 5. Federal Rule of Civil Procedure 4(e) lists the exclusive methods for serving an individual absent waiver under Rule 4(d) or a federal statute that provides otherwise. *See United States v. Ligas*, 549 F.3d 497, 500–01 (7th Cir. 2008). Although Rule 4(e) does not provide for service by certified mail, *see* Fed. R. Civ. P. 4(e)(2), the rule permits service

by following the state law governing service in the state where the district court is located, Fed. R. Civ. P. 4(e)(1), and the Indiana Trial Rules allow for service on an individual by certified mail, Ind. T.R. 4.1(A)(1). Thus, the validity of service on Steven Lindsey "turns not on the specifications of the Federal Rules themselves but on the relevant provisions of Indiana law." *Homer*, 415 F.3d at 754 (citing *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003)).

Indiana Rule 4.1(A)(1) provides that "[s]ervice may be made upon an individual . . . by . . . sending a copy of the summons and complaint by . . . certified mail . . . to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." Ind. T.R. 4.1(A)(1). However, Indiana Rule 4.3 sets forth the mandatory procedure for the service of summons upon a person who is imprisoned:

> Service of summons upon a person who is imprisoned . . . shall be made by delivering or mailing a copy of the summons and complaint to the official in charge of the institution. It shall be the duty of said official to immediately deliver the summons and complaint to the person being served and allow him to make provisions for adequate representation by counsel. The official shall indicate upon the return whether the person has received the summons and been allowed an opportunity to retain counsel.

Ind. T.R. 4.3; *see Gunnell v. State*, 903 N.E.2d 1070 (Table), No. 29A02-0810-CV-911, 2009 WL 709851, at *4 (Ind. Ct. App. Mar. 17, 2009) (holding that Indiana Rule 4.3, rather than 4.1, governed because the defendant was incarcerated in the county jail at the time of service).

MetLife failed to perfect service on Steven Lindsey at the jail under Indiana Rule 4.3. First, the summons and complaint were not mailed to "the official in charge of the institution," as the mailing was addressed to "Steven Lindsey c/o Porter County Jail." Second, the return of service does not contain any statement from the official in charge of the institution indicating that Steven Lindsey received the summons and was allowed an opportunity to retain counsel. Thus, the return of service facially lacks adequate proof and service is deficient under Indiana

Rule 4.3. *See In re Adoption of M.A.S.*, 695 N.E.2d 1037, 1040 (Ind. Ct. App. 1998) (finding noncompliance with Rule 4.3 because the mailing was addressed to "Michael Benjamin Parks c/o Lakeside Correctional Center" and did not include the statement from the official in charge).

Contrary to Indiana Rules 4.1 and 4.6, which provide that service "may be made" by certain methods, Indiana Rule 4.3 provides that service upon a person who is imprisoned "shall be made" in the manner set forth in the rule. *Compare* Ind. T.R. 4.1(A) *and* Ind. T.R. 4.6(A), *with* Ind. T.R. 4.3. "To provide an imprisoned person with the protections T.R. 4.3 seeks to insure, the specified procedures must be followed." *In re Adoption of M.A.S.*, 695 N.E.2d at 1040. The Indiana Court of Appeals has routinely held that the failure to serve an imprisoned person in compliance with Indiana Rule 4.3 constitutes defective service. *See id.*; *Brown v. State*, 953 N.E.2d 679 (Table), No. 34A02-1010-MI-1145, 2011 WL 3894377, at *2 (Ind. Ct. App. Sept. 6, 2011); *Gunnell*, 2009 WL 709851, at *4; *see also Lampkins v. State*, 913 N.E.2d 336 (Table), No. 18A02-0904-CV-327, 2009 WL 2971592, at *1–2 (Ind. Ct. App. Sept. 17, 2009) (finding a notation showing only that the summons was "left" with the Sheriff's Department, "without more, does not constitute a return of service that satisfies Rule 4.3").

In its response brief, MetLife invokes the savings clause of Indiana Rule 4.15(F), which provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Ind. T.R. 4.15(F); *see also Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 696 (Ind. Ct. App. 2001). MetLife argues that its attempt to serve Steven Lindsey by certified mail at the jail was reasonably calculated to inform him of this lawsuit. However, Indiana Rule 4.15(F) does not cure technical defects when there has been a total failure to serve, as in this case, even if there is

7

actual notice. *See LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind. 1993) (explaining that "Indiana case law holds that T.R. 4.15(F) only cures technical defects in the service of process, not the total failure to serve process" (citing *Overhauser v. Fowler*, 549 N.E.2d 71 (Ind. Ct. App. 1990))); *Nw. Nat'l Ins. Co. v. Mapps*, 717 N.E.2d 947, 954 (Ind. Ct. App. 1999) (citing *Overhauser*, 549 N.E.2d at 73); *Ames v. Hutchinson*, No. 1:19-CV-4282, 2020 WL 1923191, at *3 (S.D. Ind. Apr. 21, 2020) ("Actual notice alone will not cure defective service, but 'it may be considered in determining whether the notice was reasonably calculated to inform the party of the action.'" (quoting *Mapps*, 717 N.E.2d at 955)).

  Here, there was a total failure by MetLife to serve Steven Lindsey under the mandatory requirements of Indiana Rule 4.3 and not merely a technical defect with service. In contrast, in the cases cited by MetLife, the courts held that service was sufficient under Indiana Rule 4.15(F) because the plaintiff had attempted to comply with the requirements of Indiana Rules 4.1(B) or 4.6(A)(1) even though service was technically deficient. *See LePore v. Norwest Bank Ind., N.A.*, 860 N.E.2d 632, 636 (Ind. Ct. App. 2007) (finding, under Rule 4.15(F), that service was reasonably calculated to inform the defendant of the action where the defendant had received a copy of the summons and complaint when the sheriff left the documents at his residence in compliance with Indiana Rule 4.1(A)(3), even though the plaintiff did not technically comply with Indiana Rule 4.1(B) when the copy was sent by certified mail rather than first class mail); *Mapps*, 717 N.E.2d at 953–54 (finding, under Rule 4.15(F), that service was reasonably calculated to inform the corporate defendant of the action where the return receipt was signed for by an employee of the corporate defendant at the corporation's office, even though the summons

failed to technically comply with Indiana Rule 4.6(A)(1) because it was directed to the "highest available officer" as opposed to an "executive officer" or "office manager").[2]

Moreover, the cases cited by MetLife apply Indiana Rule 4.15(F) to Indiana Rules 4.1 and 4.6 but not to Indiana Rule 4.3. *See LePore*, 860 N.E.2d at 636; *Mapps*, 717 N.E.2d at 953–54. Notably, in other cases applying Indiana Rule 4.15(F) to find service sufficient under Indiana Rule 4.1 or 4.6, the courts have relied on the permissive language of those rules in contrast with the mandatory language of other rules, such as Rule 4.3. *See Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) (contrasting the "may be made" language of Rules 4.1 and 4.6 with the "shall be made" language of rules such as Rule 4.3); *Batler v. Mellinger*, No. 1:21-CV-28, 2021 WL 3029729, at *5 (S.D. Ind. July 16, 2021) (quoting *Washington*, 593 N.E.2d at 1275)); *WW Extended Care, Inc. v. Aetna Life Ins. Co.*, 755 N.E.2d 712, 716 (Ind. Ct. App. 2001) (quoting *Washington*, 593 N.E.2d at 1275)); *see also Homer*, 415 F.3d at 756–57. Finally, in a few instances, courts have applied Indiana Rule 4.15(F) to find service sufficient under Indiana Rule 4.3, despite technical deficiencies, but have done so when the imprisoned defendant appeared and participated in the litigation, did not deny having received the summons, and did not show prejudice. *See, e.g.*, *Esparza v. Lopez*, 102 N.E.3d 948 (Table), No. 48A05-1705-PL-1041, 2018 WL 3192954, at *7 (Ind. Ct. App. June 29, 2018); *Maust v. Estate of Bair ex rel. Bair*, 859 N.E.2d 779, 783–84 (Ind. Ct. App. 2007).

Here, MetLife did not comply with any of the requirements of Indiana Rule 4.3, there is no evidence of record that Steven Lindsey in fact received a copy of the summons and complaint, and Steven Lindsey has not appeared or participated in this litigation. Thus, Indiana

---

[2] MetLife cites two additional cases that are inapplicable. *See Heise v. Olympus Optical Co.*, 111 F.R.D. 1, at *5–6 (N.D. Ind. Mar. 24, 1986) (service on a foreign corporation); *Grabowski v. Waters*, 901 N.E.2d 560, 564–66 (Ind. Ct. App. 2009) (service by publication under Indiana Rule 4.13).

Rule 4.15(F) cannot cure MetLife's failure to comply with the requirements of Indiana Rule 4.3. *See LaPalme*, 621 N.E.2d at 1106; *Ames*, 2020 WL 1923191, at *3–4; *Higgason v. Morton*, No. 3:98-CV-105, 2012 WL 3109372, at *3 (N.D. Ind. July 26, 2012) (citing *LaPalme*, 621 N.E.2d at 1106); *Homer*, 415 F.3d at 757 ("Thus, while technical shortcomings in service may be excusable [under Trial Rule 4.15(F)] (especially where the party to be served has actual notice of the lawsuit), a complete failure of service is not."); *see also Ligas*, 549 F.3d at 500 ("[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." (citing *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001)).[3]

Finally, MetLife asks the Court for leave to amend the return of summons with the April 1, 2021 affidavit of Porter County Jail Captain Ryan Taylor. *See* MetLife Resp. Ex. A, ECF No. 132-2. Indiana Rule 15(E) provides: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the person against whom the process is issued." Ind. T.R. 4.15(E). Here, amendment is not warranted because the affidavit does not remedy the omissions from the original return of service. First, the affidavit does not state that Captain Taylor delivered the summons to Steven Lindsey or indicate that Steven Lindsey "received the summons." Ind. T.R. 4.3. The affidavit provides only that, "under normal procedures the certified mail . . . would have been delivered to Steven L. Lindsey" and that "[t]here are no records or documentation that would indicate a different procedure was

---

[3] MetLife argues that Steven Lindsey had actual notice of this action because he was served, in the state court proceedings, with documents that reference this federal action, including its caption and cause number. *See* MetLife Resp. Exs. C, D, E. Those references do not constitute service of the summons and complaint on Steven Lindsey by MetLife in this litigation and are unrelated to whether *MetLife*'s attempt to serve Steven Lindsey was reasonably calculated to inform him of this action.

followed or that the mail would not have been delivered to Steven L. Lindsey after the Porter County Jail received the mail directed to his attention on March 18, 2016." Taylor Aff. ¶¶ 5, 6. Second, the affidavit does not indicate that Steven Lindsey was "allowed an opportunity to retain counsel," Ind. T.R. 4.3, but instead that "normal procedure . . . is that any person incarcerated at the Porter County Jail has access to a telephone and can call an attorney" and that "[t]here are no records or documentation that would indicate a different procedure was followed for Steven L. Lindsey," Taylor Aff. ¶¶ 7, 8. This affidavit, drafted in the conditional tense, does not demonstrate that Steven Lindsey received the summons and complaint or that he was afforded the opportunity to retain counsel in this case. *See, e.g.*, *Am. Fam. Mut. Ins. Co. v. Kerner*, No. 2:20-CV-186-TLS (N.D. Ind.), ECF Nos. 22 (Jan. 7, 2021), 25 (Jan. 21, 2021) (holding that a similar affidavit, drafted in the conditional tense and months after the attempted service, did not satisfy Indiana Rule 4.3).

Accordingly, MetLife failed to perfect service of process on Steven Lindsey, and, as a result, the Court lacks personal jurisdiction over him. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Notably, MetLife did not move for an extension of time to serve Steven Lindsey, has not attempted to show good cause for the failure to timely serve him,[4] and has not argued why the Court should exercise its discretion to extend the time to serve in the absence of

---

[4] The Seventh Circuit has noted, in the context of Rule 4(m), that the "[f]ailure to read a rule is the antithesis of good cause. Ignorance may be an explanation but is not an excuse." *Tuke v. United States*, 76 F.3d 155, 156, 157 (7th Cir. 1996); *see also Cardenas*, 646 F.3d at 1007.

good cause. Relevant factors courts may consider when deciding whether to grant a discretionary extension of time include:

> whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

*Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021) (citing *Cardenas*, 646 F.3d at 1006–07).

In this case, dismissal, as opposed to an extension of time to serve, is appropriate. There is no evidence of actual notice, evasion of service, or eventual service. Steven Lindsey's position on the claim for rescission is unknown. The two-year contestability period would prevent MetLife from refiling the action against Steven Lindsey. However, as set forth in the next section, the Court can afford complete relief between MetLife and the Estate because Steven Lindsey, as constructive trustee, has no legal interest in the Policy proceeds. And, MetLife will not have an unfair advantage because the Estate is vigorously defending the action. Accordingly, pursuant to Rule 4(m), the Court dismisses without prejudice MetLife's claim against Steven Lindsey for failure to perfect service.[5]

**B.  Dismissal of Steven Lindsey Only**

The Court next considers the effect of the dismissal of Steven Lindsey on MetLife's remaining claim for rescission against the Estate. The Estate argues for dismissal of the entire action on the basis that Steven Lindsey is a necessary party, whereas MetLife requests that the Court dismiss Steven Lindsey only and allow the case to proceed against the Estate. Because

---

[5] Because MetLife's claim against Steven Lindsey is dismissed under Rule 4(m), the Court declines to consider the Estate's alternate arguments for dismissal.

Steven Lindsey does not have a legal interest in the Policy proceeds, he is not a necessary party and the litigation can proceed without him.

Federal Rule of Civil Procedure 19, which governs required joinder, provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" if either (A) "in that person's absence, the court cannot accord complete relief among existing parties" or (B) "the person claims an interest relating to the subject of the action" such that "disposing of the action in the person's absence may" either "impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). In this case, neither condition is satisfied because Steven Lindsey has no legal right to the Policy proceeds as constructive trustee.

The Estate is correct that Steven Lindsey is the named primary beneficiary and that he made a claim under the Policy. However, at the time MetLife filed its Complaint for Rescission on March 16, 2016, Steven Lindsey had already been convicted of Melinda's murder. The codified Indiana slayer rule provides:

> A person is a constructive trustee of any property . . . that the person is . . . entitled to receive as a result of an individual's death, . . . if that person has been found guilty . . . of murder, causing suicide, or voluntary manslaughter, because of the individual's death. A judgment of conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee.

Ind. Code § 29-1-2-12.1(a). In addition, "the property that is subject to the trust may be used only to benefit those persons, other than the constructive trustee, legally entitled to the property, determined as if the constructive trustee had died immediately before the decedent." *Id*. § 29-1-2-12.1(c). On March 23, 2016, the state court established the constructive trust, appointed Steven

Lindsey as constructive trustee, and ordered that any Policy proceeds be placed in the constructive trust to be distributed by the Estate consistent with Indiana Code § 29-1-2-12.1.

Thus, Steven Lindsey's status as constructive trustee extinguished his legal right to the Policy proceeds. *See Conn. Gen. Life Ins. Co. v. Smith*, No. 1:04-CV-1787, 2007 WL 854029, at *2 (S.D. Ind. Mar. 14, 2007) (recognizing that the decedent's husband, who was convicted of the decedent's murder, was a constructive trustee and not legally entitled to the life insurance proceeds under Indiana Code § 29-1-2-12.1). As a result, Steven Lindsey is merely a "conduit" for a remedy flowing to the Estate, and the Court can afford complete relief on MetLife's rescission claim against the Estate without him. *Cf. Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980) (finding, for purposes of a diversity jurisdiction analysis, that the trustees of a business trust were real parties in interest because they were "active trustees whose control over the assets held in their names [was] real and substantial" and were not "'naked trustees' who act as 'mere conduits' for a remedy flowing to others" (quoting *McNutt v. Bland*, 2 How. 9, 13–14 (1844))). Accordingly, Steven Lindsey is not a party who is required to be joined under Rule 19(a). *Cf. Kinsale Ins. Co. v. Last Coast Ent., LLC*, No. 19 C 5771, 2019 WL 6683054, at *1 (N.D. Ill. Dec. 6, 2019) (finding, in an action by the plaintiff insurance company for a declaratory judgment on the duty to defend and indemnify, that the claimants in the underlying state tort suit may be necessary parties under Rule 19(a) such that their dismissal under Rule 4(m) may require dismissal of the plaintiff's complaint under Rule 12(b)(7) for failure to join a necessary party); *Murray v. Americo Fin. Life and Annuity Ins. Co.*, No. 1:16-CV-377, 2016 WL 6272458, at *6 (W.D. La. Sept. 16, 2016) (finding that one of three beneficiaries to a life insurance policy was a necessary plaintiff to the suit, which concerned whether the insurance company properly denied a claim for death benefits under the policy's material misrepresentation provision, and that the

beneficiary must be joined under Rule 19(a) because complete relief could not be afforded in his absence and an adverse ruling "would substantially compromise, if not destroy, [the beneficiary's] ability to seek his share of the proceeds in some parallel lawsuit elsewhere").

The Estate has not identified any prejudice it would suffer if MetLife's rescission claim continues against the Estate without Steven Lindsey or why the Court cannot afford complete relief between MetLife and the Estate in his absence. Notably, if Steven Lindsey were participating in this litigation, he would be aligned in interest with the Estate as a defendant opposing rescission. The Estate has vigorously defended MetLife's claim and pursued its own counterclaims against MetLife to obtain the Policy proceeds. A judgment in Steven Lindsey's absence on MetLife's rescission claim in favor of either MetLife or the Estate would not affect their rights because Steven Lindsey has no right to the Policy proceeds. For the same reason, even if Steven Linsey had been properly served and either appeared or was defaulted, it appears that the outcome of the litigation would not be affected. The discernable difference is that Steven Lindsey would be bound by the judgment in those two scenarios. Thus, the risk of prejudice, if any, from Steven Lindsey not being bound by the judgment in this case would be borne by MetLife in the event Steven Lindsey were to re-assert his claim under the Policy, but the Court is hard-pressed to imagine such a scenario. Moreover, having proposed that the case proceed against the Estate, MetLife appears willing to assume that risk. While the Court does not condone MetLife's failure to perfect service of process on Steven Lindsey, the Court does not discern any bad faith on MetLife's part nor has MetLife gained an unfair advantage in this litigation.[6]

---

[6] Even if Steven Lindsey were required to be joined, the Court would find under Rule 19(b) that, "in equity and good conscience, the action should proceed" between MetLife and the Estate on the basis that Steven Lindsey has no legal right to the Policy proceeds. *See* Fed. R. Civ. P. 19(b); *see also Askew v. Sheriff of Cook Cnty.*, 568 F.3d 635, 635 (7th Cir. 2009). Rule 19(b) requires a court to weigh the

Thus, the Court can dismiss MetLife's claim against Steven Lindsey under Rule 4(m), and the case can continue against the Estate. This ruling protects the requirement that personal jurisdiction must be obtained by proper service of process yet allows these proceedings to go forward on the merits between MetLife and the Estate, the real parties in interest.

**CONCLUSION**

Based on the foregoing, the Court hereby GRANTS in part and DENIES in part the Motion to Dismiss Plaintiff/Counter-Defendant, MetLife Investors USA Insurance Company's Complaint and First Amended Complaint for Rescission [ECF No. 127] and DISMISSES without prejudice MetLife's claim of rescission against Steven Lindsey only. MetLife's claim remains pending against Defendants Estate of Melinda Lindsey and Julie Kirby, in her capacity as Personal Representative of the Probate Estate of Melinda Lindsey.

SO ORDERED on November 2, 2021.

                                                 s/ Theresa L. Springmann
                                                 JUDGE THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT

---

following factors in deciding whether the case should proceed in a necessary party's absence: (1) the extent to which the judgment might be prejudicial to the person or those already parties; (2) the extent to which any prejudice can be lessened or avoided; (3) the adequacy of the judgment in the person's absence; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b). As set forth above, there is no prejudice to the Estate, and MetLife would bear any risk of prejudice. Steven Lindsey would not be prejudiced because he has no protectable legal interest. The adequacy of the judgment, which refers to the "public stake in settling disputes by wholes, whenever possible," *Rep. of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (citation omitted), is satisfied for the same reason. Finally, MetLife would not otherwise have an adequate remedy. Thus, all the factors would weigh in favor of dismissing Steven Lindsey as a dispensable party and allowing MetLife's case to proceed against the Estate. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").